UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

RICKY O. BLUE, )
)
Petitioner, ) Civil No. 16-16-HRW
)
V. )
)
JODIE L. SNYDER-NORRIS, ) **MEMORANDUM OPINION**
) **AND ORDER**
Respondent. )

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Ricky O. Blue is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Blue has filed an original and amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1, 4]

On November 21, 2002, a federal jury found Blue guilty of conducting a continuing criminal enterprise in violation of 21 U.S.C. § 848, conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 846, and four counts of manufacturing a controlled substance in violation of 21 U.S.C. § 856. On March 4, 2003, Blue was sentenced to a cumulative term of life imprisonment, but an Amended Judgment was entered on January 6, 2009 reducing Blue's cumulative sentence to 360 months following a series of remands from the Second Circuit for resentencing. The original and amended judgments stated that Blue "shall make

fine payments from any inmate wages he may earn in prison in accordance with the [IFRP]." [D. E. No. 1-2] *United States v. Blue*, No. 6:00-CR-6139-CJS-JWF-1 (W.D.N.Y. 2003).

In his petition, Blue contends that although he has paid all of the $600 special assessment imposed and over half of the $3,000.00 fine, the Bureau of Prisons ("BOP") continues to insist that he should sign a contract under the Inmate Financial Responsibility Plan ("IFRP") requiring monthly payments in an amount exceeding 100% of his monthly prison wages. To do so would require him to use funds received as gifts from his family, a result he contends is contrary to the terms of his criminal judgment. [D. E. No. 1 at 3-4]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Blue's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Because Blue's claims are substantively without merit, the Court bypasses questions regarding whether certain aspects of his claims are cognizable in a habeas corpus petition filed under § 2241 and whether any failure to exhaust his administrative remedies should be excused.

First, Blue's suggestion that only the sentencing court and not the BOP may set a schedule for repayment [D. E. No. 1 at 4] is incorrect because he is repaying a fine, not restitution. The Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664 therefore does not apply. *Vondette v. Ives*, No. CV13-7351-DSF(VBK), 2014 WL 657877, at *6-9 (C.D. Cal. Feb. 18, 2014) (denying habeas relief in challenge to IFRP because "[i]t is settled that a sentencing court is not required to set a payment schedule for fines.") (citing *Montano–Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998)). Under *Weinberger v. United States*, 268 F.3d 346, 359-61 (6th Cir. 2001), the BOP may establish a schedule under the IFRP for repayment.

Second, the judgment against Blue stated that he "shall make fine payments from any inmate wages he may earn in prison," but it did not state that fine payments can *only* be taken from his prison wages. The language of the judgment establishes that Blue's obligation to make fine payments from his inmate wages is mandatory —it does not indicate or suggest that the collection of fine payments from any other source is impermissible. Cf. *Wadley v. Zych*, No. 7: 12CV105,

3

2012 WL 1533285, at *2 (W.D. Va. Apr. 30, 2012) ("The sentencing court's judgment order directed Wadley to make payments toward his monetary penalties from his prison wages through the IFRP. This directive, however, did not limit the manner in which BOP officials could utilize the IFRP to encourage Wadley to meet his monetary obligations even when he is not employed. … Wadley's participation in the IFRP remains voluntary. So long as Wadley chooses to remain in the IFRP, however, BOP officials may withhold his payments from any income he receives from 'non-institution (community) resources,' including gifts."); *Cervantes v. Cruz*, No. 07-4738 (DWF/JJK), 2009 WL 76685, at *3-4 (D. Minn. Jan. 8, 2009). This result is reinforced by the judgment's express statement that payments shall be made "in accordance with the [IFRP]." [D. E. No. 1-2] The IFRP states that "[p]ayments may be made from institution resources or non-institution (community) resources." 28 C.F.R. § 545.11(b). The BOP may therefore "consider funds received from sources other than prison work in determining whether an inmate is able to participate in the IFRP." *Pierson v. Morris*, 282 F. App'x 347, 348 (5th Cir. 2008). See also *Wadley v. Zych*, No. 7:12CV0015, 2012 WL 1533285, at *2 (D. W.Va. Apr. 30, 2012) ("Neither § 545.11 nor Program Statement 5380.08 exclude gifts from family or friends from the category of "non-institution (community) resources."). Accordingly, the BOP

4

may properly include money received by the inmate as a gift when calculating IFRP payments. *Thurston v. Chester*, 386 F. App'x 759, 762 (10th Cir. 2010).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Ricky Blue's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1, 4] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of April, 2016.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge